IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KOLTON WISDOM,
    Plaintiff,

v.

TIMOTHY ADESANYA,
    Defendants.

Case No. 3:24-cv-03242-JEH

**Order**

    Pro se Plaintiff Kolton Wisdom, who is in the custody of the Illinois Department of Corrections ("IDOC") and is proceeding in forma pauperis, has filed a complaint (Doc. 1) under 42 U.S.C. § 1983, which is before the Court for screening. Plaintiff has also filed a Motion to Request Counsel (Doc. 4).

**I**

**A**

    The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B**

Plaintiff seeks to bring a claim against Defendant, Timothy Adesanya, for events arising at Graham Correctional Center ("Graham") from May 2022 until the date of filing.

Specifically, Plaintiff alleges that in May 2022 he injured his right shoulder and began experiencing severe discomfort and pain. He made Graham's Health Care Unit ("HCU") aware of his pain on June 3, 2022, and was told that he would be put on a list to see the doctor. Plaintiff was not called to the HCU until April 27, 2023, where he was to be evaluated by non-party physician Steven Kottemann for an unrelated condition (possible hernia). Kottemann ordered x-rays of Plaintiff's shoulder.

Plaintiff was scheduled to be seen by Kottemann again on September 1, 2023, but instead was seen by Defendant Timothy Adesanya, a physician assistant. Adesanya told Plaintiff that his x-rays were "fine" but that Plaintiff, who was 24 years old, had the shoulder of a 40-45 year old. Plaintiff explained that his shoulder hurt daily and requested an MRI. Adesanya denied that request and indicated it would be a waste of money. He told Plaintiff that he should not be lifting weights.

At that same appointment, Plaintiff asked Adesanya for pain medication. Adesanya said he would prescribe Naproxen. Plaintiff explained that he had already received Naproxen, which had not helped with the pain. Adesanya said he would not give Plaintiff any other medication.

Plaintiff saw Adesanya again on September 21, 2023, who continued to refuse to treat Plaintiff. Plaintiff filed grievances and has been to the HCU approximately 14 times for his shoulder, but is still in severe physical pain.

### III

Plaintiff's Complaint states an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Adesanya. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (The two elements to state an Eighth Amendment deliberate indifference claim are that (1) plaintiff had an objectively serious medical need, and (2) defendant was deliberately indifferent to that need). Plaintiff has

adequately alleged that Defendant was aware of his serious medical condition, but did not prescribe any medication or other treatment that could relieve his reported daily pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (serious medical need includes "the existence of chronic and substantial pain").

Plaintiff's claim is not based upon the specific denial of an MRI. *See Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) ("Under the Eighth Amendment, [a plaintiff] is not entitled to demand specific care" but rather is entitled only to "reasonable measures to meet a substantial risk of harm."); *Brown v. Kelly*, 2020 WL 7427060, at *3 (E.D. Wis. Dec. 18, 2020) ("A prisoner does not have a constitutional right to dictate particular diagnostic or treatment techniques."); *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014) (MRI is "simply a diagnostic tool.").

## II

### A

A pro se litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Id.*

### B

Beginning with the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff has not done so.

Because Plaintiff has not satisfied the first, threshold requirement, his Motion (Doc. 4) must be denied at this time. Plaintiff may renew the request if he makes a reasonable, though unsuccessful, attempt to obtain counsel, or should his circumstances otherwise change at a later stage of litigation.

### III

1) According to the Court's Merit Review screening of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendant Adesanya. Additional claims and Defendants shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

2) Plaintiff's Motion to Request Counsel [4] is DENIED, without prejudice.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendant no longer works at the address Plaintiff provided, the entity for whom that Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's positions. The Court does

not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

10) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant. Formal service will require the Defendant to pay the associated costs under Federal Rule of Civil Procedure 4(d)(2).

11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

12) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

*It is so ordered.*

Entered on April 2, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE